**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230580-U

Order filed January 22, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0580 Circuit No. 23-CF-1963 |
| | ) | |
| TREVONN JAHEIM LAVELLE WALKER, | ) ) | Honorable Donald DeWilkins, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justice Brennan concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1  *Held*: The court did not abuse its discretion in granting the State's petition to deny pretrial release.

¶ 2  Defendant, Trevonn Jaheim Lavelle Walker, was charged on October 27, 2023, with aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (d)(1) (West 2022)) and unlawful possession of a weapon by a felon (UUWF) (*id.* § 24-1.1(a), (e)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a nonprobationable

offense, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1) (West 2022)).

¶ 3　　　　　　　　　　　　　　　　　I. BACKGROUND

¶ 4　　　　　The State's factual basis provided that three police officers were inside an unmarked squad car when they observed four individuals walk into traffic, causing a vehicle to stop abruptly. The officers approached the individuals, and three of them stopped. However, defendant fled on foot. During the chase, defendant dropped a loaded nine-millimeter handgun. The handgun had a round in the chamber. Defendant was stopped and arrested soon after dropping the firearm. Defendant admitting that he borrowed the firearm from a friend for protection. Defendant had been placed on probation on August 16, 2023, for AUUW. The pretrial risk assessment indicated that he was a Level 2 risk (with Level 6 being the highest).

¶ 5　　　　　A hearing was held on the petition on October 27, 2023. The court asked both parties if they were going to provide any evidence other than what had been presented in the proffer, and they both said no. The State argued that defendant had access to a firearm, was a felon, was on probation, and stated, "I posit the defendant is a threat to the community when he was told several times not to have a gun and still maintained to have one. He doesn't listen to court orders as evidenced by the fact that he was just placed on probation and now has a gun again." Defense counsel stated that defendant's previous AUUW was his only other felony, and argued defendant was not a threat to anyone. Counsel asked that defendant be placed on electronic monitoring. The court granted the State's petition, finding that it met its burden by clear and convincing evidence. The court stated,

"The Court finds the State has met their burden by clear and convincing evidence that the defendant poses a real and present threat to the safety of the community by his conduct.

So that leaves the Court, whether or not there's *** conditions that the Court can put in place *** that can mitigate the real present threat and the safety of the community.

All right. The Court finds the State has met their burden by clear and convincing evidence that there are no conditions that can be met that would mitigate the real present danger for the following reasons: The nature and circumstances of the offense charged being two counts *** of [AUUW] and [UUWF] and both of the matters being non-probationable. The history of the defendant, while the defendant, and I will acknowledge ***, he does not have a long history. The problem is this history is for the same thing that he's now on probation for. The Court has to take that into consideration. The Court also takes into consideration in its decision he was possessing a weapon, a firearm when he was specifically ordered not to possess a weapon and, also, the fact that the defendant is presently on probation for the same charge and picked up another offense.

The Court finds that there's no combination of offense of commissions that can mitigate the real present danger to the community in this matter."

¶ 6        The written court form stated,

"The Court's reasons for concluding that the Defendant should be denied pre-trial release and why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific

3

articulable facts of the case, or prevent the Defendant's willful flight from prosecution are based upon the following[.]"

The court checked the boxes next to the nature and circumstances of the offense(s) charged; defendant's prior criminal history indicative of violent, abusive, or assaultive behavior; defendant is known to possess or have access to weapons; and at the time of the offense, defendant was on probation.

## II. ANALYSIS

On appeal, defendant contends that the court abused its discretion in granting the petition to detain. Specifically, he argues the court "overestimated [his] alleged dangerousness and \*\*\* erroneously focused on generic factors inherent in the offense rather than individualized factors required by the statute." We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the

4

conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 10    We find that the court did not err in granting the State's petition. As stated above, the statute includes a list of factors the court can consider when determining a defendant's dangerousness and the conditions of release. The oral and written findings of the court show that it considered these factors. Moreover, the court's oral pronouncement shows that it did more than provide "lip service" to the factors, but instead applied them to the facts of defendant's case. While defendant may believe his dangerousness was "overestimated," he was a felon, was in possession of a loaded firearm with a bullet in the chamber, and was on probation for the same offense. Further, defendant had been on probation for only approximately two months before violating his probation by committing this offense. As the State argued, defendant was unlikely to listen to a court order of conditions. Therefore, the court did not abuse its discretion in granting the State's petition.

¶ 11                                         III. CONCLUSION

¶ 12    The judgment of the circuit court of Will County is affirmed.

¶ 13    Affirmed.

¶ 14    PRESIDING JUSTICE McDade, dissenting:

¶ 15    I dissent from the decision of the majority affirming the circuit court's grant of the State's petition to deny pretrial release for this defendant.

¶ 16    Even assuming that the State met its burden of proving by clear and convincing evidence that Walker posed a "real and present threat to any person, persons, or the community" (725 ILCS 5/110-6.1(e)), the State presented no evidence at all on its burden that no conditions could mitigate that threat. The statute clearly requires the State to provide evidence on all three elements; proof of the second element is not proof of the third element. See *id.* Excusing the State's burden of

5

proof on the third element is to act inconsistent with the statute's explicit presumption in favor of pretrial release. *Id*. § 110-2(a). Under these circumstances, I would reverse the circuit court's decision.